UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PENNY CLEMONS,

                               CASE NO.:

    Plaintiff,

v.

BUNGALOW FURNITURE, LLC, a Domestic
Limited Liability Company and THE HOME
FURNISHINGS ZONE, LLC

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PENNY CLEMONS, ("Clemons" or "Plaintiff") by and through undersigned counsel, files this Complaint against Defendants, BUNGALOW FURNITURE, LLC., ("Bungalow") a Domestic Limited Liability Company, and THE HOME FURNISHINGS ZONE, LLC, ("Home Zone") a Domestic Limited Liability Company, (collectively "Defendants"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA").

2. The jurisdiction of the Court over this controversy is based upon 29

U.S.C. §216(b) and 28 U.S.C. § 1331.

3. Venue is proper in the Northern District of Texas because Plaintiff resides within the District, Defendants maintain business operations within this District and a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of Tarrant County, Texas.

5. At all times material hereto, BUNGALOW was and continues to be a Domestic Limited Liability Company.  Further, at all times material hereto, BUNGALOW was and continues to be engaged in business in Texas, with its principal place of business in Tarrant County, Texas.

6. At all times material hereto, HOME ZONE was and continues to be a Domestic Limited Liability Company.  Further, at all times material hereto, HOME ZONE was and continues to be engaged in business in Texas, with its principal place of business in Tarrant County, Texas.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

9. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

10. Defendants were and continue to be "employers" within the meaning of FLSA.

11. At all times material hereto, Defendants were and continue to be "an enterprise engaged in commerce," within the meaning of FLSA.

12. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times relevant hereto, Defendants had more than two employees.

14. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

15. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

16. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## **STATEMENT OF FACTS**

17. On or about August 13, 2007, Defendants hired Plaintiff to work as a non-exempt hourly-paid "bookkeeper."

18. In addition, Plaintiff received a weekly bonus based upon a percentage of the total sales.

19. At all times material hereto the bonus amount Plaintiff received was not added into her regular rate for the purpose of computing her overtime rate.

20. At all times material hereto, Plaintiff consistently worked more than forty (40) hours per work week.

21. From at least August 2020 until her wrongful termination in January 2023, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

22. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff, as Defendants knew or with reasonable diligence should have known that Plaintiff should be paid for all of their overtime hours at an overtime rate.

## COUNT I
## **VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

23. Plaintiff re-alleges and reavers paragraphs 1 through 22 of the Complaint, as if fully set forth herein.

24. From at least August 2020, and continuing through January, 2023, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

25. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

26. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

27. Plaintiff is entitled to an award of liquidated damages, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

d. Ordering any other further relief, the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: August 3, 2023

Respectfully submitted by:
**MORGAN & MORGAN, P.A**.

By: **/s/ *Paul M. Botros, Esq*.**
Paul M. Botros, Esq.
TX Bar No. 24040548
Fed. Bar ID 37216
Bryan Arbeit, Esq.
(*to be admitted pro hac vice*)
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone:  (954) 318-0268
Facsimile:   (954) 327-3017
Email:        pbotros@forthepeople.com
Email:        barbeit@forthepeople.com